Memoglu v. Holder

BIA
Zagzoug, IJ
A015 575 747

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

RAFET MEMOGLU,
> *Petitioner,*

v.                                                                    13-30

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Andrew P. Johnson, New York, NY.

FOR RESPONDENT:             Stuart F. Delery, Assistant Attorney General;
                            Douglas E. Ginsburg, Assistant Director;
                            Katherine A. Smith, Trial Attorney; Lara K.
                            Wagner, Law Clerk, Office of Immigration
                            Litigation, United States Department of Justice,
                            Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review is DENIED.

Rafet Memoglu, a native and citizen of Turkey, seeks review of a December

11, 2012, decision of the BIA affirming the December 23, 2010, decision of

Immigration Judge ("IJ") Randa Zagzoug denying his application for asylum. *In*

*re Rafet Memoglu*, No. A015 575 747 (B.I.A. Dec. 11, 2012), *aff'g* No. A015 575 747

(Immig. Ct. N.Y. City Dec. 23, 2010). We assume the parties' familiarity with the

underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as

the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

The applicable standards of review are well-established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). Memoglu argues that he was persecuted on account of his membership in a particular social group comprised of male members of his family. In order to establish asylum eligibility based on membership in a particular social group, an applicant must establish both that the group itself was cognizable and that the alleged persecutor targeted the applicant on account of his membership in that group. *See* 8 U.S.C. § 1101(a)(42); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). For a group to be cognizable, it must exhibit a shared characteristic that is socially visible to others in the community and be defined with sufficient particularity. *See Ucelo-Gomez*, 509 F.3d at 73. Moreover, the applicant's status as a member of that group, and not some other factor, must be a central reason why that individual is targeted for persecution. *See* 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. § 1231(b)(3)(A).

In this case, Memoglu argues that he will be targeted because of a blood feud. However, he describes harm based on a personal dispute – violence between families – not a fear of being targeted on account of a protected ground.

*See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).  Moreover, Memoglu is the sole member of the "group" he describes – male family members – and as a result, the group lacks the requisite social visibility.  *See Ucelo-Gomez*, 509 F.3d at 73.  Indeed, the fact that an individual may be targeted for harm cannot be the defining feature of his proposed social group.  *See id*.

Because Memoglu's failure to show that his fear of persecution is on account of a protected ground is dispositive of his application, we do not address the IJ's alternate finding that he did not corroborate his claim.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4